

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 2, 2021

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Ctrm 518
New York, NY 10007

   Re:   *United States v. Jonathan Schweitzer*, 19 Cr. 401 (VSB)

Dear Judge Broderick:

   The Government respectfully submits this letter in advance of sentencing in this matter, which is currently scheduled for April 9, 2021, at 10:00 a.m. For the reasons further explained below, the Government believes that a substantial sentence, but one below the applicable Guidelines range of 135 to 168 months imprisonment laid out in the final Presentence Report ("PSR") (the "Guidelines Range") would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

I.   **Background**

   The defendant was charged with possession, distribution, and receipt of child pornography for downloading and viewing child pornography on a peer-to-peer file sharing network known as eDonkey and for making those videos available to other eDonkey users through his account settings. Law enforcement agents conducted a search warrant of the defendant's apartment and recovered a laptop computer that contained hundreds of known images and videos containing child pornography. These images and videos have been previously identified by law enforcement and many depict children who have been identified and are known to law enforcement. The National Center for Missing and Exploited Children ("NCMEC") maintains a list of known child pornography files. According to NCMEC's database, the defendant possessed at least 107 videos containing child pornography that depict identified victims. Some of the images and videos in the defendant's possession depict infants and toddlers.

   The defendant pled guilty to Count One of the Indictment, which charged him with possession of child pornography.

## II. Discussion

### A. Applicable Law

As the Court is aware, the Sentencing Guidelines continue to provide importance guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, Your Honor must consider the seven factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the purposes of sentencing. *Id.* at 50 & n.6. In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training,
>
> medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B. A Substantial Sentence Below the Guidelines Range is Appropriate

The Government respectfully submits that a substantial sentence that nevertheless falls below the applicable Guidelines Range is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

A substantial sentence is appropriate in this case to reflect the seriousness of the defendant's conduct. As the Second Circuit has noted,

> As Congress, courts, and scholars all recognize, child pornography crimes at their core demand the sexual exploitation and abuse of children. Not only are children seriously harmed—physically, emotionally, and mentally—in the process of producing such pornography, but that harm is the exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse.

*United States v. Reingold*, 731 F.3d 204, 216 (2d Cir. 2013). It is precisely because "[c]hild pornography harms and debases the most defenseless of our citizens" that "[b]oth the State and Federal Governments have sought to suppress it for many years, only to find it proliferating

through the new medium of the Internet." *United States v. Williams*, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," *Ferber*, 458 U.S. at 757, and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, *see Osborne v. Ohio*, 495 U.S. 103, 110 (1990).

The Supreme Court recognized in *Paroline* that a child pornography victim "suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." *Paroline v. United States*, 134 S.Ct. 1710, 1726 (2014) (also finding that harm to a child pornography victim is caused by "the trade in her images," and that a defendant who possessed such images "is a part of that cause, for he is one of those who viewed her images."). "Harms of this sort are a major reason why child pornography is outlawed," and "[t]he unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse . . . plays a part in sustaining and aggravating this tragedy." *Id.*

The seriousness of the crime in this case is emphasized by the fact that the defendant not only collected and viewed child pornography himself, his account on eDonkey was set to share files, enabling other users to obtain child pornography from him. And while the defendant claims that he is not a pedophile and was viewing the videos for shock value rather than sexual gratification, his motivations do not lessen the harm caused by his actions. Further, the doctors who evaluated and treated the defendant did not review the child pornography in this case and their assessment is based on the defendant's own self-serving statements. Therefore, a substantial sentence is necessary for deterrence.

The Government acknowledges, however, that there are factors in this case which weigh in favor of a below-Guidelines sentence. The defendant's crime, while reprehensible, appears to have been an aberrational conduct in what is otherwise a law-abiding and productive life. The Government credits that defendant's submission that his conduct occurred during a period when he suffered intensely from mental health issues and addiction, for which he has since voluntarily and genuinely sought treatment. Additionally, while the defendant worked as a high school teacher—which initially gave the Government great concern that he was doing so in order to access children—the Government has no evidence that the defendant ever attempted to engage in hands on contact with a child. These facts, coupled with the psychosexual evaluations that have been prepared concerning the defendant, suggest that the defendant is not a serious risk of engaging in a contact offense towards children, and that a Guidelines sentence is not necessary to protect the public from this defendant or deter this defendant from future criminal conduct. Further, the numerous letters of support which the defendant submitted attest to the defendant's character, and make clear that he is a valued friend and relative.

The Government also recognizes the collateral consequences of the defendant's conviction. He has agreed to restitution, and will be subject to the requirements of the Sex Offender Notification and Registration Act, Title 18, United States Code, Section 2250. He has also lost his job as a high school teacher.

Although these circumstances support a below-Guidelines sentence, a sentence of time-served as the defendant urges, or a 24-month sentence that Probation recommends, would not be sufficient in this case. The defendant amassed an egregious collection of child pornography that was shared with other individuals. Demand for this kind of material only perpetuates the market for child pornography, and has caused, and will continue to cause, intense pain and suffering to the victims whose brutalization was depicted in the images and videos that the defendant possessed. For these reasons, a significant incarceratory sentence is needed to provide just punishment, reflect the seriousness of the offense, and provide general deterrence. In sum, a substantial, but below-Guidelines, sentence would adequately balance the various considerations under Section 3553(a) and achieve the statute's stated objectives.

### III.     Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a substantial sentence that falls below the Guidelines Range of 135 to 168 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully Submitted,

AUDREY STRAUSS
United States Attorney

by:   /s/Elizabeth A. Espinosa
Elizabeth A. Espinosa
Assistant United States Attorney
(212) 637-2216